**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**GARY MCCLENDON, #31125**                                               **PLAINTIFF**

**VERSUS**                             **CIVIL ACTION NO. 3:05cv416WHB-AGN**

**PATRICIA WILLIAM**                                                   **DEFENDANT**

**MEMORANDUM OPINION**

This cause is before the Court, <u>sua sponte</u>, for consideration of dismissal. The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC) currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this <u>pro se</u> conditions of confinement complaint pursuant to 42 U.S.C. § 1983. The plaintiff was granted <u>in forma pauperis</u> (IFP) status. Upon liberal review of the plaintiff's complaint and the entire court record in this action, the Court finds that the plaintiff has failed to exhaust his available administrative remedies. Therefore, this case will be dismissed without prejudice.

<u>Background</u>

On July 8, 2005, the plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and failed to submit a copy of his third step response and certificate from the Administrator of the MDOC Administrative Remedy Program (ARP) stating that he had administratively exhausted his claims.[1] On July 26, 2005, the Court entered an order directing the plaintiff to show cause, in

---

[1] The Administrative Remedy Program within the Mississippi Department of Corrections (MDOC) is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. Inmates receive a step one response from the appropriate official, which they may appeal to the Superintendent or Warden of the institution, who will issue a step two response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a step three response is issued. At this time the Administrator of the program will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies. <u>Mississippi Department of Corrections Inmate</u>

(continued...)

writing, why this case should not be dismissed for his failure to exhaust his administrative remedies prior to filing this suit. The plaintiff was also directed to file a certificate and third step response from the Administrator of the MDOC Administrative Remedy Program stating that he had administratively exhausted his claims. On August 1, 2005, the plaintiff filed his response to this show cause order, stating that he filed an ARP on this claim on May 27, 2005.[2] Attached to the plaintiff's response is a copy of a memo dated June 27, 2005, addressed to the plaintiff from Larry C. Hardy, the Legal Claims Adjudicator for the MDOC administrative remedy program. The memo states that the plaintiff has at least one previously accepted grievance with the administrative remedy program and his most recent request is being set aside for handling in due course. The memo goes on to advise the plaintiff that if he wishes to have his request handled now through the administrative remedy program, he may withdraw in writing, all pending grievances.[3]

## Analysis

The controlling statute, 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[1](...continued)
Handbook (Rev.1999), Chapter VII, pg. 39-42.

[2]Grievances filed within the program are routinely referred to as "ARP's".

[3]The program provides that when multiple requests are received, the first request will be accepted and handled. Up to ten requests will be logged and set aside for handling at the Adjudicator's discretion. Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg. 41.

exhausted." The United States Supreme Court has held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Booth v. Churner, 532 U.S. 731, 739 (2001). Section 1997e conclusively requires a state prisoner to exhaust available administrative remedies before filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending. Wendall v. Asher, 162 F.3d 887, 890 (5th Cir.1998) (emphasis added); see also Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

     Plaintiff has failed to provide a certificate and/or third step response from the Mississippi Department of Corrections Administrative Remedy Program. At best, the plaintiff attempted to enter the program regarding these claims. The Court finds that plaintiff has failed to complete the exhaustion of his administrative remedies. Wright v. Hollingsworth, 260 F.3d 357 (5th Cir.2001)(available administrative remedy must be pursued to its conclusion).

     To the extent the plaintiff may be requesting waiver of the exhaustion requirement based on the length of the process or alleged inadequacies of the program, the Court finds this argument unpersuasive. The United States Supreme Court has clearly stated "[a]ll 'available' administrative remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' Even when the prisoner seeks relief not

available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 122 S.Ct. 983, 988 (2002)(citing Booth v. Churner, 532 U.S. 731, 739-741 (2001)).  Since the plaintiff has not fully exhausted his administrative remedies prior to bringing this suit as required by the PLRA, this action will be dismissed.

## Conclusion

In light of the plain mandatory language of the statute as well as the controlling case law, and notwithstanding consideration of waiver of the exhaustion process, it is clear that this complaint must be dismissed.  Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal is without prejudice. See Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 12th day of August, 2005.

s/William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE